**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.:**

    CINDY BOYCE,

        Plaintiff,

vs.

    SUN LIFE ASSURANCE COMPANY OF CANADA

        Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Cindy Boyce, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

1.    Plaintiff, Cindy Boyce, is a natural person and citizen of the State of Colorado, with a current address of P.O. Box 100971, Denver, Colorado 80259.

2.    Defendant Sun Life Assurance Company of Canada ("Defendant Sun Life") is a foreign corporation and/or similar business entity which regularly conduct business in the State of Colorado. Defendant is the Administrator and/or insurer of the employee benefit plan at issue, and maintains an office in Wellesley Hills, Massachusetts. The Defendant's registered agent for service of process is the Colorado Division of Insurance, 1560 Broadway, Suite 110, Denver, Colorado 80202.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured a group employee benefit plan established on behalf of the employees of the Education Affiliates, Inc. ("The Plan"). The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.*, ("ERISA"). The Plan has delegated to Defendant its obligation to make all of the benefit decisions at issue in this claim.

4. At all pertinent times Plaintiff was a full-time employee of Education Affiliates, Inc. ("E.A.") and was a "participant" in or "beneficiary" of the Plan established and sponsored by E.A. within the meaning of ERISA.

5. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for Long Term Disability ("LTD") benefits subject to the terms and conditions of the insurance policy issued by Defendant to cover the Plan, and/or the Plan documents.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by E.A. as a full-time member of its clinical faculty, and served as a clinical nurse instructor. Plaintiff was an active employee and therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or a "beneficiary" of the Plan) within the meaning of ERISA.

9. While so employed, Plaintiff became disabled due to multiple health issues including but by no means limited to injuries to her knees, as well as chronic pain and fatigue.

10. Plaintiff's medical conditions, individually and/or in combination, prohibited her from continuing to perform the requirements of her occupation on a regular and consistent basis, as well as from any other job for which she is reasonably qualified.

11. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing the other material requirements of her own and/or other reasonable occupation, Plaintiff applied to the Plan, through the Defendant, for LTD benefits.

12. Plaintiff applied for LTD benefits from Defendant, which were approved effective October 28, 2013.

13. According to Defendant, the Plan provides, in pertinent part, that an employee is disabled if that employee is unable to engage in the material and substantial duties of his or her regular occupation due to sickness or injury for 36 months, and thereafter if disabled from any other gainful occupation for which she is reasonably qualified.

14. According to Defendant, Plaintiff became disabled in 2013, and paid her own occupation disability benefits until February 29, 2016 (28 months).

15. At all pertinent times, including at the present time, Plaintiff:

a. Suffered from a sickness/illness/injury;

b. Was unable and is unable to perform the essential duties of her occupation (or any other reasonable occupation) due to said conditions; and

c. Was, and is, unable to perform the essential functions of her own occupation, and/or any other occupation for which he is qualified.

16. Defendant terminated LTD benefits on or about aid benefits from October 13, 2016 to February 29, 2016, at which time Defendant concluded Plaintiff was no longer disabled as defined by the Plan.

17. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document, and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim. Plaintiff filed her appeal on or before the Plan's 180 day deadline.

18. Plaintiff also included additional information with her appeals, including medical records demonstrating the nature and extent of her ongoing disability and including supporting records from her treating doctors. These demonstrate Plaintiff remains unable to work in her own or any other reasonable occupation.

19. Defendant refused to alter its position and issued its final denial of Plaintiff's claim on or about September 23, 2016.

20. Defendant also asserted that it was entitled to recoup on alleged overpayment of benefits based on Plaintiff's having received workers' compensation benefits.

21. Said claim by Defendant is inconsistent with the facts giving rise to this claim and with the pertinent provisions of the Plan document.

22. Defendant's other determinations are against the weight of medical evidence, including but not limited to the opinions of Plaintiff's physicians, and/or medical restrictions on Plaintiff's activities.

23. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents her from engaging in her own or any other occupation. This includes, without limitation, her inability to work forty (40) hours per week.

24. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff, subsequent to Defendant's denial of benefits.

25. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

26. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

27. At all pertinent times, Defendant was a claim fiduciary, fiduciary and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

28. Defendant was otherwise delegated the authority to administer claims for LTD benefits by the Plan.

29. At all pertinent times, Plaintiff met the criteria for LTD benefits under the Plan including that she was unable to perform the functions of her own and/or any other occupation, and provided reasonable documentation (medical or otherwise) of that fact.

30. Upon information and belief, Defendant also insures the Plan.

31. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

32. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

33. Defendant's wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians;

    B. Failing to provide an adequate review and appeal;

    C. Failing to act in Plaintiff's best interests;

    D. Failing to consider credible evidence of functional impairment;

    E. Failing to reasonably interpret and apply the terms of the Plan;

    F. Failing to conduct a reasonable investigation; and

    G. Claiming an allege overpayment not supported by the facts, the Plan and/or law.

34. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost LTD benefits.

## DAMAGES

35. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

- A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;
- B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of health insurance premiums otherwise covered by the policy;
- C. Retroactive reinstatement of LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claim for future LTD and long term disability benefits.
- D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

   E.  Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1); and

   F.  Such other and further relief as this Court deems just and appropriate.

DATED this 6th day of December, 2016.

         Respectfully submitted,

         SILVERN & BULGER, P.C.

         *s/Thomas A. Bulger, Esq.*_____
         Thomas A. Bulger, Esq.
         Counsel for Plaintiff
         4800 Wadsworth Boulevard, Suite 307
         Wheat Ridge, Colorado   80033
         (303) 292-0044

<u>Plaintiff's Address</u>:
P.O. Box 100971
Denver, Colorado 80250